UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JOHN H. DAVIS, SHELIA D. DAVIS and ERIC S. DAVIS, a minor by parents John H. Davis, father, and Shelia D. Davis, mother, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:16CV120-PPS |
| ALABAMA DEPARTMENT OF HUMAN RESOURCES OF LIMESTONE COUNTY, ALABAMA, et al., | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

John and Shelia Davis have filed an original and amended complaints seeking relief concerning their claims that the State of Alabama and its Department of Human Resources have unlawfully taken custody of their disabled son, Eric, and blocked visitation by John and Shelia.[1] That simple sentence offers the gravamen of the Davises' lawsuit in a nutshell. Unfortunately, the pleadings in the case are far from simple. Now before me is the Davises' second attempt at obtaining a temporary restraining order.

A review of the procedural posture is helpful. On April 11, 2016, John filed a 574-page complaint (with 429 pages of exhibits). One day later, Davis filed a Motion for

---

[1] Intending no disrespect by the informality, I will address the plaintiffs by their first names so as to easily distinguish between them.

a Temporary Restraining Order, as well as a "Complaint for Writ of Habeas Corpus."

The causes of action identified in the original and first amended complaints are:

I. Defamation
II. Fraud
III. "Relator" (a whistleblower False Claims Act type of claim)
IV. Kidnapping
V. Theft
VI. RICO
VII. Alienation of Affect/Alienation of Familial Relations/Loss of Society & Companionship
VIII. Abuse of Process/Abuse of Judicial Power
IX. Battery
X. Interference with Parental Custody & Visitation/Violation of 4th & 14th A.
XI. Negligence
XII. Overuse and Misuse of Medications/Violations of HIPAA
XIII. Violation of 1st Amendment Rights/Interference with Residual Parental Rights
XIV. False Claims Act/Mail Fraud/Wire Fraud/Forgery
XV. Breach of Fiduciary Duty/Suborning Perjury
XVI. Aggravated Identity Theft/Aiding and Abetting/Misprision

The 17 defendants named are Alabama Circuit Judge Jeanne W. Anderson, Alabama Circuit Judge James W. Woodroof, Jr., the Athens City Schools and Athens City Board of Education, Glenwood Incorporated, the Allan Cott School, Dr. Clarence Mcdanal MD (a doctor at Glenwood/Allan Cott School), Dr. Scott Sarrels MD (a treating physician), Dr. Albert Sprinkle MD (a treating psychiatrist), Connie Shaw (Shelia's sister), Howard Shaw (Shelia's brother-in-law), Lesa Greene (an attorney appointed as Eric's guardian ad litem), Claire Tinney Jones (an attorney for DHR), Louise Collier (Shelia's mother), Dr. Tom Vaughan, Jr. MD (a doctor associated with

Glenwood/Allan Cott School), the Limestone County DHR, and DHR employee Angela Hurtubise, along with 20 John/Jane Does.

On April 20, 2016, I held a hearing on the previous Motion for a Temporary Restraining Order. At that time I denied the TRO. [DE 6.] After discussion with counsel about the shortcomings of the complaint, I struck the original complaint and granted plaintiffs 60 days to file a first amended complaint in which the allegations and claims were to be set forth in short and plain statements as required by Fed.R.Civ.P. 8(a). [*Id.*] The Davises have now submitted their amended complaint, along with a new motion seeking a TRO.[2] Although shorter by some 400 pages, the 165-page first amended complaint [DE 10] suffers from the same infirmities as the original. At the April hearing, I warned the Davises that they must use the opportunity to amend to make the pleading more comprehensible for the sake of both the judge and the defendants who might be required to answer it.

The amended complaint continues to employ the "kitchen sink" approach to pleading which I cautioned counsel against at the April hearing. The rambling and undifferentiated pleading of background facts includes a "Preliminary Statement" of more than 80 pages, as well as a "Chronology" of more than 40 pages. There is blatant non-compliance with Fed.R.Civ.P. 10(b)'s requirement of separate numbered

---

[2] A Verified Motion for Preliminary Injunction [DE 11 at 29] was filed within the 35 pages making up the TRO motion entry on the electronic docket; the preliminary injunction motion has not been separately docketed. I will direct the Clerk to extract those pages and separately docket and file the preliminary injunction motion.

paragraphs, each limited to a single set of circumstances. This sloppy and prolix manner of pleading has a substantial impact on my ability to understand what is pled, both factually and legally, as the document is nearly unreadable and impervious to navigation.

Turning to what is before me at present, the relief sought in the new proposed TRO is the same as in the first TRO denied in April, with the addition of the new defendant, DHR employee Angela Hurtubise. The focus of the TRO is the $400 per month child support obligation the Alabama courts are alleged to have imposed upon both Shelia and John for the State's care of Eric. First Amended Complaint, DE 10 at 5. The TRO relief sought is an injunction against five defendants and their agents: the Limestone County DHR, Angela Hurtubise, and Limestone County District Judges Anderson, Woodroof and Douglas Patterson.[3] The proposed TRO would enjoin these defendants from "pursuing or executing actions or activities on child support order(s) pending hearing of the Plaintiffs' Verified Motion for Preliminary Injunction." [DE 11 at 26.]

A TRO is extraordinary preliminary relief, and requires the Davises to establish: (1) a likelihood of success on the merits of their claim, (2) that absent the TRO they will suffer irreparable harm, and (3) that they have no adequate remedy at law. *Smith v.*

---

[3] Judge Douglas Patterson is not named as a defendant in either the original complaint nor in the first amended complaint. Plaintiffs are aware of this, and explain that Patterson was sworn in to replace Judge Jeanne Anderson on April 1, 2016. [DE 11 at 3.]

*Executive Dir. of Ind. War Mem'ls Comm'n*, 742 F.3d 282, 286 (7th Cir. 2014); *Incredible Technologies, Inc. v. Virtual Technologies, Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). The new motion is subject to denial for the same reasons as the Davises' earlier motion.

The Davises fail to demonstrate a likelihood of success on the merits. Despite the record I made of my concerns on April 20, the Davises fail to address the prospect that granting the relief requested would violate the Anti-Injunction Act. The relief sought in the TRO appears to run directly afoul of the Act , 28 U.S.C. §2283, which forbids a stay of state court proceedings: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Obviously none of those exceptions applies to the Davises' challenge to the Alabama court order requiring them to pay child support to the State.

Neither do plaintiffs even attempt to address the potential application of the *Rooker-Feldman* doctrine as a bar to their claims about child support, or the domestic-relations exception to federal subject matter jurisdiction. The *Rooker-Feldman* doctrine bars a federal court from overturning an adverse state court judgment. *Exxon Mobil Corp.*, 544 U.S. 280, 284 (2005); *Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (under the *Rooker-Feldman* doctrine, "lower federal courts lack jurisdiction to review the decisions of state courts in civil cases"). "The domestic-relations exception applies when a litigant asks a federal court to provide one of the unique forms of relief associated with domestic relations (e.g., a decree regarding divorce, alimony, or child

5

custody), or when the issue raised by the litigant in federal court is ancillary to the domestic-relations proceedings in state court." *Sheetz v. Norwood*, 608 F. App'x 401, 404 (7th Cir. 2015)(citations omitted). With these doubts about jurisdiction, a likelihood of success is not shown. Even considering the merits of claims relevant to the TRO the Davises seek, neither the TRO motion nor the prolix complaint sets forth a cogent or persuasive argument that existing Alabama child support orders are unlawful.

Plaintiffs also do not make a showing of exigent circumstances constituting a risk of irreparable harm. The new motion cites a May 12, 2016 letter from the Limestone County DHR as evidence that the DHR was "emboldened" by my earlier ruling, and is "immediately and actively pursuing the enforcement of child support" which "will clearly be converted into additional issuance of warrants." [DE 11 at 3.] The letter is merely a form letter notice of past due child support, advising John that "no child support payment has been made for at least 30 days" and requesting prompt payment or contact with the DHR office. [DE 11 at 22.] There is no threat of arrest and no basis for concluding that the issuance of the apparently standard notice was in any way prompted by this lawsuit.

A TRO is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Goodman v. Ill. Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Overall, the Davises' jumbled allegations and

argument are insufficient to meet the high burden for the extraordinary pretrial remedy of a restraining order granted without notice to the defendants.

ACCORDINGLY:

Plaintiffs' Motion for Temporary Restraining Order [DE 11] is DENIED.

The Clerk is directed to extract a copy of pages 29 through 35 of docket entry 11, and separately docket and file it as plaintiffs' Verified Motion for Preliminary Injunction, and attach to it a copy of the same exhibits as are docketed at DE 11-1.

**SO ORDERED**.

ENTERED: July 18, 2016.

/s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT