UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN H. DAVIS, *et al.*, | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:16-CV-120-PPS-PRC |
| | ) |
| JUDGE JEANNE W. ANDERSON, *et al.* | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on a Motion to Reconsider Magistrate Paul R. Cherry's Strike Sua Sponte of Plaintiffs' Second Amended Complaint [DE 29], filed by Plaintiffs on August 10, 2016. No Defendant has filed a response, and the time in which to do so has passed.

## PROCEDURAL HISTORY

On April 11, 2016, Plaintiffs initiated this cause of action by filing a Complaint. At a hearing on April 20, 2016, Chief Judge Philip P. Simon struck the Complaint and granted leave for Plaintiffs to file an amended complaint within 60 days.

On June 16, 2016, Plaintiffs filed an Amended Complaint.

On August 2, 2016, Defendant Albert L. Sprinkle, M.D. filed a Motion to Dismiss.

On August 4, 2016, Plaintiffs, without the Court's leave or consent from the opposing parties, filed a Second Amended Complaint.

On August 5, 2016, the undersigned Magistrate Judge issued an Order striking the Second Amended Complaint for failure to comply with Federal Rule of Civil Procedure 15.

On August 10, 2016, Plaintiffs filed the instant Motion to Reconsider.

ANALYSIS

Federal Rule of Civil Procedure 15 provides:

(a) **Amendments Before Trial.**

> (1) **Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:
>
>> (A) 21 days after serving it, or
>>
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) **Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiffs argue that, because the Amended Complaint was filed with the Court's leave, Rule 15 permitted them to file the Second Amended Complaint as a matter of course.

In *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194 (7th Cir. 1985), the plaintiff argued that Rule 15 permitted him to amend his complaint as of right. The Seventh Circuit Court of Appeals disagreed, holding that the plaintiff had lost his right to amend as a matter of course because he had already amended his complaint once, and "[t]hat the [first] amendments were 'technical' ones requested by the district court judge . . . is of no consequence." *Id.* at 203-04; *accord Hatcher v. Bd. of Trs. of S. Ill. Univ.*, 2014 WL 5420206, at *2 (S.D. Ill. Oct. 24, 2014) (holding that the plaintiff could not file a second amended complaint as a matter of course after she filed a first amended complaint with the court's leave); *Swoope v. Gary Cmty. Sch. Corp.*, 2013 WL 149588, at *1 (N.D. Ind. Jan 14. 2013) ("[A] plaintiff uses up that right [to amend as a matter of course] when he first amends his complaint.").

Though Plaintiffs had the right to amend their pleading once as a matter of course, they have already amended their pleading once, so that right has been extinguished. Rule 15(a) does not permit them to file a Second Amended Complaint as a matter of course. After the Amended Complaint, Plaintiffs must obtain either the opposing parties' written consent or the Court's leave to make additional amendments.

Based on the foregoing, the Court hereby **DENIES** the Motion to Reconsider Magistrate Paul R. Cherry's Strike Sua Sponte of Plaintiffs' Second Amended Complaint [DE 29].

SO ORDERED this 30th day of September, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT
