# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JOHN H. DAVIS, et al., | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:16-CV-120-PPS-PRC |
| | ) |
| JUDGE JEANNE W. ANDERSON, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Service of Lesa Greene by Publication [DE 86], filed by Plaintiffs on December 15, 2016.

Plaintiffs seek the Court's leave to serve Defendant Lesa Greene by publication, and they cite to Federal Rule of Civil Procedure 4(e)(1) for the proposition that they may serve Greene by publication pursuant to Indiana law. Rule 4(e)(1) permits service of an individual pursuant to the law of the state in which the district court is located. The state of Indiana, in which this Court in located, permits service by publication. Indiana Rule of Trial Procedure 4.13 mandates that the party seeking service by publication "shall submit his request therefor upon the praecipe for summons along with supporting affidavits that diligent search has been made that the defendant cannot be found, has concealed [her] whereabouts, or has left the state, and shall prepare the contents of the summons to be published." Ind. Tr. R. 4.13(A). "[T]he Due Process Clause demands a diligent search before attempting notice by publication." *In re Adoption of L.D.*, 938 N.E.2d 666, 669 (Ind. 2010) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)).

"In fulfilling the obligation to exercise due diligence in locating a party, mere gestures are not enough[,] and the means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Hair v. Deutsche Bank Nat. Trust Co.*, 18 N.E.3d 1019, 1023 (Ind. Ct. App. 2014) (internal quotation marks omitted) (quoting *Mullane*, 339 U.S. at 315). Parties

seeking service by publication must describe adequate attempts to ascertain the current whereabouts of the absentee. *Id.* "[M]inimal or perfunctory efforts to locate a party are insufficient to justify service by publication." *Id.* "[I]f initial attempts to locate or serve a party are fruitless, the circumstances may require more effort to locate the party instead of proceeding directly to service by publication." *Id.*

In *McCarty v. Landis Exp., Inc.*, the court found that there was no diligent search where plaintiffs had hired someone to conduct internet searches that revealed a Facebook page purportedly belonging to the party sought to be served, a news article with the address at which service had already been unsuccessfully attempted, a court record of a landlord-tenant suit involving the party sought to be served, and a probable address—though a subsequent attempt at service at this address was unsuccessful. No. 1:10-CV-340, 2011 WL 3678810, at *1-2 (S.D. Ind. Aug. 19, 2011).

Though Plaintiffs have submitted an affidavit, this affidavit only states that John H. Davis, who is both a plaintiff and counsel for his co-plaintiffs, contacted the Alabama Bar Association, which confirmed as their address on record the address at which Plaintiffs had unsuccessfully attempted to serve Greene on multiple occasions. The affidavit does not mention any other attempts to locate Greene.

Plaintiffs' efforts fall short of those deemed insufficient in *McCarty*, and Plaintiffs have not described more than perfunctory attempts to locate Greene. Plaintiffs have failed to demonstrate that they have made a diligent search for Greene, and their motion must be denied.

Furthermore, as a procedural matter, Plaintiffs have failed to prepare the contents of the summons to be published and present them to the Court as required by Indiana Rule of Trial Procedure 4.13(A).

Based on the foregoing, the Court hereby **DENIES without prejudice** the Plaintiffs' Motion for Service of Lesa Greene by Publication [DE 86]. The Court **GRANTS LEAVE** for Plaintiffs to refile the motion on or before **January 31, 2017**.

So ORDERED this 4th day of January, 2017.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT