UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JOHN H. DAVIS, SHELIA D. DAVIS and ERIC S. DAVIS, a minor by parents John H. Davis, father, and Shelia D. Davis, mother, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:16CV120-PPS |
| ALABAMA DEPARTMENT OF HUMAN RESOURCES OF LIMESTONE COUNTY, ALABAMA, et al., | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

John and Shelia Davis's first amended complaint seeks relief based on their claims that the State of Alabama and its Department of Human Resources, through a child welfare action, have unlawfully taken custody of their disabled son, Eric, and blocked visitation by John and Shelia.[1] As I've previously observed, that simple sentence offers the gist of the Davises' lawsuit in a nutshell, but their pleadings are far from simple. The first amended complaint is 165 pages long, names 16 identified defendants and 20 John Doe defendants, and sets forth 16 counts. [DE 10.] Nine defendants have filed motions to dismiss that are fully briefed and ready for decision.[2]

---

[1] Intending no disrespect by the informality, I will address the individual plaintiffs by their first names so as to easily distinguish between them.

[2] A tenth defendant, Dr. Tom B. Vaughan, Jr., M.D., has recently filed a motion to dismiss that is not yet fully briefed.

The motions of 8 of the defendants raise a common threshold issue that is potentially dispositive of the entire first amended complaint, namely that the Davises' pleading fatally fails to comply with Fed.R.Civ.P. 8(a) and 10(b). Rule 8 is entitled "General Rules of Pleading." Subsection (a)(b)(2) provides that "[a] pleading that states a claim for relief must contain...a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule 10 governs the "Form of Pleadings." Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." These are not just technical requirements. They are necessary for the orderly handling of litigation in federal court. A reading of the Davises' pleading readily demonstrates that it falls woefully short of the requirements of these rules.

Let's start with the causes of actions as identified by the Davises in the first amended complaint. It's a panoply of nearly every cause of action one could conceivably imagine in this type of circumstance:

- I. Defamation
- II. Fraud
- III. "Relator" (a whistleblower False Claims Act type of claim)
- IV. Kidnapping
- V. Theft
- VI. RICO
- VII. Alienation of Affect/Alienation of Familial Relations/Loss of Society & Companionship
- VIII. Abuse of Process/Abuse of Judicial Power
- IX. Battery
- X. Interference with Parental Custody & Visitation/Violation of 4th & 14th A.
- XI. Negligence
- XII. Overuse and Misuse of Medications/Violations of HIPAA

XIII. Violation of 1st Amendment Rights/Interference with Residual Parental Rights
XIV. False Claims Act/Mail Fraud/Wire Fraud/Forgery
XV. Breach of Fiduciary Duty/Suborning Perjury
XVI. Aggravated Identity Theft/Aiding and Abetting/Misprision.

(DE 10 at 144 - 158).

The 16 named defendants named are Alabama Circuit Judge Jeanne W. Anderson, Alabama Circuit Judge James W. Woodroof, Jr., the Athens City Schools and Athens City Board of Education, Glenwood Incorporated (and its Allan Cott School), Dr. Clarence Mcdanal MD (a doctor at Glenwood's Allan Cott School), Dr. Scott Sarrels MD (a treating physician), Dr. Albert Sprinkle MD (a treating psychiatrist), Connie Shaw (Shelia's sister), Howard Shaw (Shelia's brother-in-law), Lesa Greene (an attorney appointed as Eric's guardian ad litem), Claire Tinney Jones (an attorney for DHR), Louise Collier (Shelia's mother), Dr. Tom Vaughan, Jr. MD (a doctor associated with Glenwood/Allan Cott School), the Limestone County DHR, and DHR employee Angela Hurtubise, along with 20 John/Jane Does.

I'll start with the amended complaint's "Preliminary Statement." That term ordinarily connotes a simple straight-forward description of the gist of the lawsuit, similar to how I started this opinion. But the preliminary statement in the amended complaint consists of 83 pages, running from pages 6 through 89 of the first amended complaint. This is where the Davises attempt to relate the story that supports their legal claims. This rambling discourse consists largely of unnumbered paragraphs, making it nearly impossible for a defendant to designate particular allegations for the purpose of

admission or denial as required by Rule 8(b).  This is a problem because "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994).

The Davises' disjointed presentation contains factual allegations, legal conclusions, citations to and quotations from legal authorities, and is peppered with references to the 50 exhibits (totaling 429 pages) filed with the first amended complaint. The exhibits include materials that have no conceivable relevance to this case such as "Copy of Website Document of Limestone County, Alabama, Largest Slave Holders from 1860 Slave Census Schedules and Surname Matches For African American on 1870 Census marked as Exhibit 19" [DE 10 at 24], "League of Denial – [Wikipedia] RE: NFL Head Injuries marked as Exhibit 22" [*id*. at 31], and "Copy of THE ELIAN GONZALEZ CASE marked as Exhibit 47" [*id*. at 84].

Next up in the first amended complaint is the so-called "Chronology" which runs from pages 90 through 130. This section of the first amended complaint alleges facts in unnumbered paragraphs (the first lines of which are not indented for some reason) with subheadings for years beginning with 1991 through 2015.  "Jurisdiction and Venue" are addressed in pages 131 through 132.  After more than 100 pages of what appear to be allegations in support of the Davises' claims for relief, the first amended pleading proceeds with a separate section entitled "Common Allegations" from page 133 through page 138.  These allegations are stated in numbered paragraphs

beginning with paragraph 1, but by the second page of the section (page 134), the format devolves into a single paragraph four pages long. As noted above, in the next section beginning on page 140, the Davises' legal claims are set out. Each count is identified with a Roman numeral and a description of the nature of the claim (as listed above on pages 2-3). Most counts are pled in a single mammoth paragraph, again presenting the defendants with an impossible challenge in pleading a meaningful response admitting or denying particular allegations.

Before moving on, it might be helpful to step back and talk about the history of this litigation. The Davises' original complaint was 574 pages in length and requested a temporary restraining order. A hearing was held on that request for a TRO and after hearing argument from the plaintiffs, I denied the TRO because they failed to demonstrate a likelihood of success on the merits and failed to show an irreparable harm. [DE 6] More to the point, I decided to strike the complaint, and in doing so told Mr. Davis that the complaint had a number of problems, not the least of which was that, at 574 pages, it violated Rule 8, and without numbered paragraphs it violated Rule 10. [DE 6.] How was a defendant to respond to such a filing? Although I struck the complaint I did give the Davises time to file a first amended complaint in which the allegations and claims were to be set forth in short and plain statements as required by Fed.R.Civ.P. 8(a). [*Id.*]

Although shorter by some 400 pages, the 165-page first amended complaint [DE 10] suffers from the same infirmities as the original. Both the format and the substance

of the verbose pleading contribute to its unintelligibility. As I explained in my July 18, 2016 order denying the Davises' second motion for a temporary restraining order:

> The amended complaint continues to employ the "kitchen sink" approach to pleading which I cautioned counsel against at the April hearing. The rambling and undifferentiated pleading of background facts includes a "Preliminary Statement" of more than 80 pages, as well as a "Chronology" of more than 40 pages. There is blatant non-compliance with Fed.R.Civ.P. 10(b)'s requirement of separate numbered paragraphs, each limited to a single set of circumstances. This sloppy and prolix manner of pleading has a substantial impact on my ability to understand what is pled, both factually and legally, as the document is nearly unreadable and impervious to navigation.

Opinion and Order of July 18, 2016 [DE 16], pp. 3-4.

The Davises also attempted a second amended complaint, which Judge Cherry struck because it was filed without consent or the court's leave. [DE 26.] That third attempt at pleading was no improvement. The Davises' proffered second amended complaint [DE 25] grew to 215 pages and suffers from the same procedural defects as the first amended complaint. That pleading abandons some of the few paragraph numbers in its predecessor, apparently in favor of line numbers (as in a deposition transcript). This is not helpful and does not comply with Rule 10(b) either. Although the second amended complaint displays an effort to employ numbered paragraphs in the "Claims" section (though still not limited to a single set of circumstances), the lengthy "Preliminary Statement" grew from 82 pages to 104 pages in length and consists entirely of unnumbered paragraphs. The 40-page "Chronology" section remains, again without numbered paragraphs. Although the second amended

complaint is not the one that is presently before the court, I point it out so one can see the continued difficulties that the Davises have had in filing a complaint that meets the basic requirements of the rules. The time has come to say enough is enough.

Why is this case subject to dismissal for these pleading deficiencies? "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). "[J]udges and adverse parties need not try to fish a gold coin from a bucket of mud." *Garst*, 328 F.3d at 378. "[D]ismissal is the appropriate remedy for district courts presented with 'a bucket of mud.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013), quoting *Garst,* 328 F.3d at 378. Because John Davis is a licensed attorney, representing both himself and his ex-wife Shelia, their pleading is not entitled to the generous construction that is afforded *pro se* litigants who are laymen to the law. *Muñiz v. Commissioner of IRS*, 661 Fed.Appx. 1027, n.1 (11th Cir. 2016); *LNV Corporation v. Hook*, 638 Fed.Appx. 667, 671 (10th Cir. 2015); *Brinn v. Syosset Public Library*, 624 Fed.Appx. 47, 48 n.1 (2nd Cir. 2015).

Another difficulty with the first amended complaint (and its predecessor and ill-fated successor) is the failure to clearly delineate which defendants are named in each count. "The primary purpose of [FedR.Civ.P. 8 and 10(b)] is to give defendants fair

7

notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). For example, Count I for defamation appears to be based on statements made in court filings and which were later "circulated by staff of the Defendants to local the community" that John and Shelia had abandoned their son. [DE 10 at 140.] Count I refers only to "the Defendants" in an undifferentiated plural. To which I must ask: are the four doctors named as defendants, the other judge and the Athens City Schools to be understood as alleged to be liable on this claim? The fraud claim in Count II similarly fails to specify which defendants took any particular actions and are allegedly responsible for "one hundred and sixty-eight (168) separate acts of civil and criminal fraud." [*Id*. at 141.] This lack of specificity persists through the remainder of the counts as well, suggesting absurd allegations including that the 16 defendants aided and abetted one another in conducting a collective "kidnapping" of the Davises' son, as alleged in Count IV. [*Id.* at 142-43.] "[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard*, 658 F.3d at 798.

The Davises' defense of their pleading is itself confusing. Apparently believing that its rambling and long-winded discourse is actually necessary to *survive* a motion to dismiss, they argue it must be this complex given that it "seeks to set forth approximately thirty-six (36) different and **separate** allegations (civil/criminal) committed by fifteen (15) different defendants over a time period of sixteen (16) years

8

and **ongoing** to the present date against three (3) different plaintiffs which necessarily requires plausibility for each such defendant for each such count against each separate plaintiff[.]"  [DE 43 at 6 (emphasis in original).]   Given that the first amended complaint enumerates 16 counts, it is unclear what the Davises' reference to 36 allegations means.  A few pages later in their brief, the Davises refer to their case as involving "thirty counts," and go on to describe their claims mathematically as involving 7200 civil or criminal acts committed against each plaintiff for total of "well over twenty-one thousand and six hundred (21,600) civil/criminal acts."  [*Id*. at 9.] Plaintiffs' counsel's misplaced commitment to an exhaustive (and exhausting) standard of factual and historical description and the inclusion of legal argument and authorities demonstrate that he clearly does not grasp Rule 8's concept of a "short and plain statement."

As to the Defendants' argument under Rule 10(b), the Davises claim that the requirement of numbered paragraphs applies to "claims and defenses" and so is not applicable to the first amended complaint's "Preliminary" or "Chronology."  [DE 42 at 4.]  The Davises contend that it is defendants who fail to understand the governing rules of procedure, arguing that the defendants confuse "complaint" and "claims."  Here's what they say:  "Defendants are not required to defend a complaint.  Under Rule 10…defendants are required to defend the claims…[D]efendants are held to defend the facts set forth in the claims.  Defendants are not required to decipher a Preliminary Statement."  [DE 84 at 15.] I'm not sure what this means but to the extent it suggests that

in responding to the first amended complaint defendants need not plead anything in response to the lengthy allegations of the Preliminary and Chronology, it is surely incorrect. Rule 8(b)(1)(B) requires that in responding to a pleading, a party must "admit or deny the allegations asserted against it by an opposing party."

Furthermore, I have previously explicitly indicated (as quoted above on page 6) that I considered the pleading of the "Chronology" and "Preliminary Statement" to violate Rule 10(b). I have never known an attorney-drafted civil complaint not to comply with Rule 10(b) by numbering every paragraph. And I am left to wonder why the Davises have steadfastly refused to comply with this most basic of requirements. Yet they have persisted in their refusal. The Seventh Circuit has previously warned litigants about the importance of Rule 10(b) while implicitly rejecting the distinction the Davises now attempt to draw: "Each time, the judge drew the plaintiffs' attention to Fed.R.Civ.P. 10(b), which requires *allegations* to be separated into numbered paragraphs, and distinct claims to be separated into counts." *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (emphasis added). The Davises insist that the federal rule requiring numbered paragraphs does not "include, anticipate or require that a preliminary or chronology follow the same format." [DE 43 at 4.] I suspect that this is because the federal rules do not anticipate a "Preliminary" statement or a "Chronology" at all.

The Davises further contend that the "Claims section of the First Amended Complaint is clear, concise as well as numbered," and so satisfies Rule 10(b). [DE 43 at

4.] Most of the 16 enumerated counts consist of a single numbered paragraph of a page or more in length, clearly not limited to a single set of circumstances and in no way accurately described as "concise." This manner of pleading the causes of action does not comply with Rule 10(b) and is highly burdensome if not impossible to plead in response to in any precise and meaningful way.

Among the 16 counts, there is not a single short and plain statement of any claim. And this pleading is the Davises' second try, after my similarly frank discussion with them at the hearing on April 20, 2016, at which I struck their initial complaint and allowed them time to correct the "numerous deficiencies" and file an amended complaint in which "the allegations and claims are set forth in short and plain statements as required by Fed.R.Civ.P. 8(a)." [DE 6.] Like the district judge in *Frederiksen*, I am dealing with multiple attempts to plead the complaint without substantial (or any) improvement in compliance with my directions and the federal rules: "Concluding that the fourth try was little better than the first – the fourth complaint put numbers in front of some paragraphs, but most of them are absurdly long and cover multiple parties and grievances – the district judge finally threw up her hands and told the plaintiffs that they would have no more opportunities to satisfy Rule 10(b)." *Id*.

The Seventh Circuit has observed that a district court "might well have dismissed the plaintiffs' complaint on the ground that it was an egregious violation of Rule 8(a)" when it "contained 125 pages (323 paragraphs) including a mass of details

which might be relevant and appropriate at trial, but which are clearly surplusage in stating a claim." *Hartz v. Friedman*, 919 F.2d 469, 471 (7th Cir. 1990). The Davises have had more than ample opportunity to file a pleading that meets with the requirements of the Federal Rules and have utterly failed to do so. This continued failure supports dismissal of the case with prejudice.

The dismissal of the entire case on grounds of the Davises' egregious failure to comply with Rules 8(a) and 10(b) may be considered *sua sponte* as to defendants Glenwood Incorporated and Dr. Vaughan, who did not make that argument in support of their motions to dismiss, and defendants Mcdanal, Greene, Tinney-Jones, Collier, Hurtubise and the Limestone County Department of Human Resources, who have not appeared in the case. "A district court can dismiss defective claims sua sponte, but ordinarily the judge should give the plaintiff an opportunity to respond to the perceived defect." *Lee v. Nasatir*, No. 16-3237, 2016 WL 7228700 at *1 (7th Cir. Dec. 13, 2016). Both in a hearing and in an order, I have previously warned the Davises about these precise failures of their original complaint [DE 6, 16], and the issues were explicitly raised in the motions to dismiss filed by defendants Sprinkle, Anderson, Woodruff, Connie and Howard Shaw, Sarrels, and Athens Board of Education. Nonetheless, the Davises have filed three different complaints in which the failures persist. The Davises have therefore had both ample opportunity to cure the defects and a chance to defend against the argument.

The "volume and form of the pleading make it difficult to sort out" the Davises' first amended complaint. *Hartz*, 919 F.2d at 471. The complaint, even after a second (and third) try, does not tell an intelligent story that can be followed without herculean effort, but instead "is prolix, disjointed, confusing, and at times unintelligible." *Jennings v. Emry*, 910 F.2d 1434, 1435 (7th Cir. 1990). It is subject to dismissal for failure to comply with Federal Rules 8(a) and 10(b).[3] In sum, I am more than persuaded that this case must be dismissed because the Davises have shown that they are incapable of presenting the case in a manner that permits the court "to conduct orderly litigation." *Vicom*, 20 F.3d at 776.

Although I believe the dismissal is legally necessary, it does not reflect a lack of sympathy for the Davises' hardship as parents of a severely disabled son from whom they are separated. Perhaps an experienced family law practitioner in Alabama could be of assistance to them, but the Davises' attempt to litigate these matters in this court is now ended.

ACCORDINGLY:

Defendant Albert Sprinkle, M.D.'s motion to dismiss [DE 19] is GRANTED.

Defendants Judge Jeanne W. Anderson and Judge James W. Woodroof, Jr.'s motion to dismiss [DE 27] is GRANTED.

Defendants Howard Shaw and Connie Shaw's motion to dismiss [DE 52] is GRANTED.

---

[3] I need not and do not address other arguments for dismissal raised in the pending motions.

Defendant Dr. Scott M. Sarrels, M.D.'s motion to dismiss [DE 64] is GRANTED.

Defendants Athens City Schools and Athens City Board of Education's motion to dismiss [DE 68] is GRANTED.

The Clerk is directed to ENTER JUDGMENT DISMISSING plaintiffs' first amended complaint in its entirety for the reasons described herein. The entry of judgment will close this matter.

Defendant Glenwood Inc.'s motion to dismiss [DE 59] and defendant Dr. Tom B. Vaughan, Jr.'s motion to dismiss [DE 93] are DENIED WITHOUT PREJUDICE AS MOOT.

Plaintiffs John H. Davis, Shelia D. Davis, and Eric S. Davis's motion for preliminary injunction [DE 17] is DENIED.

**SO ORDERED**.

ENTERED: March 9, 2017.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT